IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZHANG HAI JUN, Individually and on Behalf of All Others Similarly Situated,<br><br>      **Plaintiffs,**<br><br>-against-<br><br><br>**NEW OZEN ASIAN FUSION CUISINE INC., OZEN ASIAN FUSION CUISINE INC., HANG BO LIN, LING LIN and QIU JIAN LIN, Jointly and Severally,**<br><br>      **Defendants.** | **ECF Case**<br><br><br><br>**11 Civ. 7357 (JMF)** |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF THE SETTLEMENT AND ATTORNEYS' FEES AND COSTS**

Named plaintiff Zhang Hai Jun ("Zhang" or "Plaintiff") is a former food delivery employee working in the Defendants' restaurant located in New York County, New York.

On October 18, 2011, Plaintiff Zhang commenced this action by filing a class and collective action complaint against New Ozen Asian Fusion Cuisine, Inc., Ozen Asian Fusion Cuisine Inc., Hang Bo Lin, Ling Lin and Qiu Jian Lin (collectively, the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on behalf of himself and all other similarly situated employees. Zhang alleged that Defendants failed to pay their restaurant employees proper minimum wage, overtime premium compensation for hours worked in excess of forty hours in a given workweek and spread of hours compensation in all instances where plaintiffs worked more than ten hours in a day. (*See* Doc. 1).

On December 11, 2012, the Court granted the parties' consent motion to conditionally certify a FLSA collective action and authorize notice to be issued to all persons similarly

1

situated. (Doc. 22.) Accordingly, the plaintiffs' mailed the notice and consent to become party plaintiff forms to all Defendants' current and former waiters, delivery personnel, dish washers and cooks employed by Defendants at any time after October 18, 2008. (Pelton Decl. ¶ 7.) The Defendants also posted the notice and consent forms in their restaurant. (*Id*.) No individuals joined the case as opt-in Plaintiffs by filing with the Court consent forms to join the § 216(b) collective action. (*Id*.)

The parties reached this $27,000.00 settlement (the "Settlement Amount") on behalf of the Plaintiff in the FLSA § 216(b) collective action after engaging in discovery and extensive settlement discussions. The terms of the settlement have been set out in a formal written Settlement and Release ("Settlement Agreement"). Plaintiff now seeks approval of the settlement, and attorneys' fees and costs.

Having considered Plaintiff's Unopposed Motion for Approval of the Settlement and Attorneys' Fees and Costs, the supporting declaration and exhibits thereto, and the complete record in this matter, for the reasons set forth below and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**APPROVAL OF THE FLSA SETTLEMENT**

1. The Court hereby approves the FLSA settlement on behalf of the Plaintiff.

2. FLSA settlements generally require judicial approval to be effective, because private settlements will not effectuate a valid release. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945).

3. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623(PAC), 04 Civ. 4488

(PAC), 06 Civ. 5672 (PAC), 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010). *See also Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143 (ENV)(RER) 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011); *Khait v. Whirlpool Corp.*, No. 06-6381 (ALC), 2010 WL 2025106, at *7 (E.D.N.Y. Jan. 20, 2010). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement. *Id.* at 1354; *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6; *Willix*, 2011 WL 754862, at *5; *Khait*, 2010 WL 2025106, at *7.

4. The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6; *Willix*, 2011 WL 754862, at *5 (citing *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984)); *Khait*, 2010 WL 2025106, at *6. Parties may elect to opt in to an FLSA collective, but the failure to do so does not prevent them from bringing their own suits at a later date. Accordingly, the exacting standards for approval of a class action settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b).

5. The FLSA settlement in this case meets that standard of approval. The settlement was the result of contested litigation and arm's-length negotiation. (Pelton Decl. ¶¶ 12-18). Plaintiff conducted a thorough investigation, including interviews with Plaintiff, depositions of the parties, and production and review of paper discovery. The parties also engaged in extensive arm's-length negotiations by telephone and in person through their counsel. (*Id.* ¶ 14). In FLSA

settlements, just as in Rule 23 settlements, arm's-length negotiations involving counsel raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion. *See Frank v. Eastman Kodak Co*., 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (discussing fairness, reasonability, adequacy in approving Rule 23 settlement).

6. The settlement also reflects a reasonable compromise over contested issues, particularly in light of the risk of collection against the Defendants, who have taken substantial financial measures to pay the settlement that was reached. *See Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811 (MGC), 2010 WL 476009, at *5 (S.D.N.Y. Jan. 6, 2010) (considering risk of collection in approving Rule 23 settlement).

**AWARD OF FEES AND COSTS TO PLAINTIFFS' COUNSEL**

7. The Court awards Plaintiffs' Counsel $8,459.41 in attorneys' fees, which is one-third of the Settlement Amount, after subtracting costs.

8. The FLSA provides for "reasonable" attorneys' fees. 29 U.S.C. § 216(b) ("the court in [an action to recover under FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

9. Fee awards in wage and hour cases are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Sand v. Greenberg*, No. 08 Civ. 7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010).

10. Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purpose of the FLSA. *See Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1975), *cert. denied*, 441 U.S. 944 (1979) ("broad remedial purpose" of the FLSA should

4

be given a "liberal construction"); *Willix*, 2011 WL 754862, at *6 (citing cases); *Vazquez v. Ranieri Cheese Corp.*, No. 07-CV-464 (ENV)(VVP), 2011 WL 554695, at *4 (E.D.N.Y. 2011) ("[t]he fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements") (internal quotation marks and citation omitted). *See also McMahon*, 2010 WL 2399328, at *7; *Khait,* 2010 WL 2025106, at *8; *Prasker*, 2010 WL 476009, at *6; *Sand*, 2010 WL 69359, at *3.

11. In class and collective action wage and hour lawsuits, public policy favors a common fund attorneys' fee award. *See Frank*, 228 F.R.D. at 189. Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by "private attorney[s] general," *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980), attorneys who fill the private attorney general role must be adequately compensated for their efforts. *McMahon*, 2010 WL 2399328, at *7; *Khait*, 2010 WL 2025106, at *8; *Prasker*, 2010 WL 476009, at *6. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Id*.

12. In this case, Plaintiff's Counsel did substantial work identifying, investigating, prosecuting, and settlement Plaintiff's claims.

13. Plaintiff's Counsel are experience employment lawyers with a good reputation among the employment law bar. They have prosecuted and favorably settled many employment law class actions, including wage and hour class actions. *See, e.g., Martinez v. Covenant Aviation Security Corp.*, No. 11 Civ. 4952 (BMC), (E.D.N.Y.); *Artica, et al. v. J.B. Custom Masonry & Concrete, Inc. et al.*, No. 09 Civ. 3796, 11 Civ. 0842 (RER), (E.D.N.Y.); *Peralta, et

*al. v. Allied Contracting II Corp., et al.*, No. 09 Civ. 0953 (NGG)(RER),(E.D.N.Y.); *Ferrer, et al. v. Raines & Welsh & Sons, Inc., et al.*, No. 09 Civ. 4309 (HB), (S.D.N.Y.); *Rodney Malloy v. Richard Fleischmen & Associates, Inc. et al.*, No. 09 Civ. 0322 (CM), (S.D.N.Y.); *Saleh, et al. v. Shoe Mania, et al.*, No. 09 Civ. 4016 (LTS), (S.D.N.Y.); *Robles v. Copstat Security, LLC, et al.*, No. 08 Civ. 9572 (SAS), (S.D.N.Y.).

14. The work that Plaintiff's Counsel has performed in litigating and settling this case demonstrates their commitment to the FLSA collective and to representing the collective's interests. Plaintiff's Counsel have committed substantial resources over the past seventeen months prosecuting this case.

15. Plaintiff's Counsel's request for one-third of the Settlement Fund is reasonable under the circumstances of this case. Plaintiff's Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation, and is therefore entitled to an attorneys' fee award. The award is consistent with the "norms" of class and collective action litigation in this circuit. *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 WL782596, at *5 (S.D.N.Y. Mar. 24, 2008). *See also Parker*, 2010 WL 532960, at *2 (awarding class counsel 33% of $745,000 fund in FLSA and NYLL class and collective action); *McMahon*, 2010 WL 2399328, at *7 (awarding class counsel 33% of $400,000 settlement fund in FLSA and NYLL class and collective action); *Prasker*, 2010 WL 476009, at *6 (awarding class counsel fees of $346,500 out of $1,050,000 settlement fund in FLSA and NYLL class and collective action); *Reyes*, 2009 WL 5841177, at *4 (awarding 33% of $710,000 fund in FLSA and NYLL class and collective action).

16. The Court also awards Plaintiffs' Counsel reimbursement of their litigation expenses in the amount of $1,626.80. In FLSA collective actions, as in Rule 23 class actions,

courts typically allow counsel to recover their reasonable out-of-pocket expenses. *See In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003). Here, Plaintiff's Counsel's un-reimbursed expenses – including postage, photocopies, electronic research, filing and deposition fees – are reasonable and were incidental and necessary to the representation of the FLSA collective.

17. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Amount.

18. Within thirty (30) days of this Order or, if a party appeals this Order, after all requests for rehearing, reconsideration, or appellate review have been exhausted, Defendants shall distribute the Settlement Amount in three (3) equal installments of $9,000.00 in accordance with the allocation set forth in the Settlement Agreement. Specifically, the total payments of the Settlement Amount should equal as follows:

  a. Paying the Plaintiff his portion of the Settlement Amount, the amount as set forth in section 2 of the Settlement Agreement;

  b. Paying Plaintiff's Counsel one-third of the Settlement Fund ($8,459.41); and

  c. Reimbursing Plaintiffs' Counsel for $1,626.80 in litigation costs and expenses.

19. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of the settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this ___ day of _____, 2013.

                                                           Honorable Jesse M. Furman
                                                           United States District Judge